446 So.2d 224 (1984)
SPECIAL DISABILITY TRUST FUND, DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY, State of Florida, Appellant,
v.
MOTOR AND COMPRESSOR COMPANY and Shelby Mutual Insurance Company, Appellees.
No. AS-299.
District Court of Appeal of Florida, First District.
March 2, 1984.
Rehearing Denied March 23, 1984.
*225 Gordon W. Jacobs, Tallahassee, for appellant.
Lamar D. Oxford of Dean, Ringers, Morgan & Lawton, Orlando, for appellees.
NIMMONS, Judge.
The Special Disability Trust Fund (Fund) appeals from an order of the deputy commissioner ordering reimbursement by the Fund to the employer/carrier (E/C) for vocational rehabilitation benefits paid by the E/C to the worker.[1] The Fund contends that vocational rehabilitation benefits are not among those benefits reimbursement of which may be ordered under Section 440.49(2), Florida Statutes (1979). We agree and reverse.
Subject to certain statutory limitations not pertinent to this case, Section 440.49(2), Florida Statutes (1979), provides for a right of the employer to be reimbursed by the Special Disability Trust Fund for certain statutorily specified compensation benefits which the employer has paid in situations where the worker's injury has merged with a preexisting permanent physical impairment causing a greater disability, permanent impairment, or wage loss than would have resulted from the injury alone.
The various classes of reimbursable benefits are enumerated in Section 440.49(2) and include permanent impairment, wage loss, permanent total disability, funeral expenses and death benefits. Subsection 2(e), which was relied upon by the deputy, provides for further reimbursable benefits specified as "remedial treatment, care, and attendance pursuant to s. 440.13." The deputy concluded that vocational rehabilitation benefits were includable under that category.
The precise issue on appeal here appears not to have previously been presented to an appellate tribunal of this State. We must look to Section 440.13 for guidance inasmuch as the reimbursement section expressly incorporates by reference the Section 440.13 meaning of "remedial treatment, care and attendance." Section 440.13 Florida Statutes (1979), provides in pertinent part:
(1) Subject to the limitations specified in s. 440.19(2)(b), the employer shall furnish to the employee such remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon or other recognized practitioner, *226 nurse, or hospital, and for such period as the nature of the injury or the process of recovery may require, including medicines, crutches, artificial members, and other apparatus. * * *
Nothing in the above excerpt from Section 440.13 or any of the rest of its provisions suggest that remedial treatment, care and attendance contemplate anything other than of a medical or physical rehabilitative nature. That section has never been construed to encompass vocational rehabilitation services. The E/C cites our opinion in Haga v. Clay Hyder Trucking Lines, 397 So.2d 428 (Fla. 1st DCA 1981), as authority in support of their position. There, we held that it was appropriate for the deputy to order the installation of a swimming pool with handicap facilities as part of a rehabilitation program medically prescribed for a claimant who lost both legs and suffered severe burns in a truck rollover accident. Such medical rehabilitation benefits are patently distinguishable from vocational rehabilitation which was not involved in Haga. See also Firestone Tire & Rubber Co. v. Vaughn, 381 So.2d 740 (Fla. 1st DCA 1980).
As relied upon by the deputy in his order, the E/C also points to the fact that Section 440.49(1) was amended in 1979, Chapter 79-40, Section 37, Laws of Florida, so as to require the employer or carrier, at its own expense, to provide vocational training benefits when it appears that the injury will preclude the employee from earning wages equal to wages earned prior to the injury. Prior to such amendment, the employer/carrier was not required to provide such services or benefits. Instead, the Division of Workers Compensation was required to assist permanently disabled workers in obtaining training, education and employment and was authorized to expend monies for such purposes from the Workmen's Compensation Administration Trust Fund established by Section 440.50. See Section 440.49(1), Florida Statutes (1978 Supp.). However, simply because the legislature amended Section 440.49(1) to require the employer/carrier to provide such benefits does not mean that the reimbursement provisions of Section 440.49(2)(e) should be construed to provide for reimbursement to the employer/carrier for payment of vocational benefits where the language of the latter section was not amended but continued to read "remedial treatment, care, and attendance pursuant to s. 440.13."
The fact that certain kinds of benefits are statutorily required to be paid by the employer/carrier does not mean that the legislature necessarily intended that all such benefits should be reimbursed from the Special Disability Trust Fund. In fact, Section 440.49(2)(a), Florida Statutes (1979), suggests otherwise. That section provides, in part:
The entitlement of an injured employee or his dependents to compensation under this chapter shall be determined without regard to this subsection, the provisions of which shall be considered only in determining whether an employer or carrier who has paid compensation under this chapter is entitled to reimbursement from the Special Disability Trust Fund.
Although that section also provides that "the division ... shall interpret [reimbursement] eligibility requirements liberally" and although we must read the pertinent statutes "in light of the whole act" in determining legislative intent, see Great American Indemnity Company v. Williams, 85 So.2d 619 (Fla. 1956), we are unpersuaded that we are at liberty to read vocational rehabilitation benefits into "remedial treatment, care, and attendance pursuant to s. 440.13."
As we stated in Rebich v. Burdine's, 417 So.2d 284 (Fla. 1st DCA 1982):
Usually, the courts in construing a statute may not insert words or phrases in that statute or supply an omission that to all appearances was not in the minds of the legislators when the law was enacted. Armstrong v. Edgewater, 157 So.2d 422 (Fla. 1963). When there is doubt as to the legislative intent, the doubt should be resolved against the power of the court to supply missing words. In Re: *227 Estate of Jeffcott, 186 So.2d 80 (Fla. 2d DCA 1966).
We believe this to be a proper case for application of the maxim expressio unius est exclusio alterius. Where a statute enumerates the situations where it is to be operative, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234 (1944), Rebich v. Burdine's, supra.
The E/C also urges that the deputy's order, which was entered on March 29, 1983, is sustainable under an amendment of Section 440.49(2) enacted by the 1983 Legislature. Indeed, Chapter 83-305, Laws of Florida, did amend Section 440.49(2) so as to specifically include "costs for rehabilitation" among those compensation benefits for which the employer/carrier will be entitled to reimbursement from the Fund. However, the statute, as so amended, is not applicable in the instant case, the effective date of Chapter 83-305 being June 30, 1983. In the absence of a clear legislative expression to the contrary, a law is presumed to apply prospectively, Van Bibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla. 1983); State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977); Recon Paving, Inc. v. Cook, 439 So.2d 1019 (Fla. 1st DCA 1983); Rothermel v. Florida Parole and Probation Commission, 441 So.2d 663 (Fla. 1st DCA 1983). Nothing in Chapter 83-305 suggests any legislative intent that the amendment of Section 440.49(2) should operate in any other fashion than prospectively. Nor are we persuaded that such amendment by the 1983 Legislature can reasonably be regarded as declaratory of prior legislative intent, that is to say that the 1983 amendment simply clarified what a prior legislature meant in providing for reimbursement of certain kinds of compensation benefits. See Roberson v. Florida Parole and Probation Commission, 444 So.2d 917 (Fla. 1983), wherein the court stated at footnote 13:
We recognize the import of the new law, Chapter 83-78, Laws of Florida, discussed in Chief Justice Alderman's dissent, but we decline to impute the intent of this current legislature in its most recent session to the legislatures which preceded it and enacted the laws this opinion interprets.
Accordingly, the order appealed is REVERSED.
ZEHMER, J., concurs.
WENTWORTH, J., dissents.
WENTWORTH, Judge, dissenting.
I would affirm because vocational rehabilitation costs were not excluded by § 449.49(2)(f), Florida Statutes, and were cognizable under subsection (2)(e) as remedial attendance. Such costs in this case met the statutory conditions, i.e. being required by the residuals of the injury and provided by employer/carrier under proper direction. Because the statutory language in question is fairly susceptible of that application, and had certainly not been judicially construed to the contrary prior to the specific declaration by Chapter 83-305, Laws of Florida, that such costs should be reimbursable, that enactment has no negative bearing on the case at hand:
An expository or declaratory act is one passed to end doubts with respect to ... another statute, and it is ordinarily accorded a retroactive construction in the sense that it determines the meaning of the earlier statute from its enactment. 82 C.J.S. Statutes, § 431.
That legislative function is, of course, subject to many restrictions, but I find none pertinent here and would view the amendment as an "interpretive statute ... highly persuasive even for purpose of determining application ... to a transaction occurring prior to enactment of the interpretive statute." Sutherland, Statutory Construction, § 27.04, note 1, citing Calvert v. Marathon *228 Oil Co., 389 S.W.2d 153 (Tex.Civ. App. 1965).
NOTES
[1] This case previously appeared before us in 417 So.2d 1151 wherein we dismissed the appeal sua sponte because the order appealed was non-final by reason of the deputy's reservation of jurisdiction for later determination of certain issues. The dismissal was without prejudice to the parties' right to appeal from a final order awarding reimbursement. The order now sought to be appealed is final and we have jurisdiction.