PER CURIAM.
The Special Disability Trust Fund (Fund) challenges workers’ compensation orders awarding the employer/carriers reimbursement from the Fund for supplemental permanent total disability benefits paid pursuant to section 440.15(l)(e)l, Florida Statutes (Supp.1984). The two cases involve the same issue and were consolidated for appeal. We affirm.
The claimant in case number 90-2791 sustained a compensable injury on October 18, 1984. The claimant in case number 91-1231 sustained a compensable injury on September 11, 1984. The claimant in each case continues to receive permanent total disability benefits as a result of the 1984 accidents. Because the employees sustained compensable injuries subsequent to July 1, 1984, the employer/carriers have also paid supplemental permanent total disability benefits pursuant to section 440.-15(l)(e)l, Florida Statutes (Supp.1984).
Because each of the claimants suffered from a permanent physical impairment which preexisted the 1984 accidents, the employer/carriers made a claim for reimbursement from the Special Disability Trust Fund pursuant to section 440.49(2), Florida Statutes (1983). Although the Fund has reimbursed the employer/carriers for permanent total disability benefit payments paid pursuant to section 440.-15(l)(a), the Fund denied the requests for reimbursement of supplemental permanent total disability benefits paid pursuant to section 440.15(l)(e)l.
The only issue to be decided is whether the employer/carriers’ entitlement to reimbursement for permanent total benefits pursuant to section 440.49(2)(c) includes reimbursement for the additional supplemental permanent total disability benefits required to be paid under section 440.-15(l)(e)l. In each case, the judge of compensation claims found that the Fund was required to reimburse the employer/carrier for supplemental permanent total disability benefits paid. We agree.
Section 440.15(l)(e)l, Florida Statutes (Supp.1984), provides:
440.15 Compensation for disability.— Compensation for disability shall be paid to the employee, subject to the limits provided in s. 440.12(2), as follows:
(1) PERMANENT TOTAL DISABILITY.—
(a) In case of total disability adjudged to be permanent, 66 2/3 percent of the average weekly wages shall be paid to the employee during the continuance of such total disability.
[[Image here]]
(e) In case of permanent total disability resulting from injuries which occurred subsequent to June 30, 1955, and for which the liability of the employer for compensation has not been discharged under the provisions of s. 440.20(12), the injured employee shall receive additional weekly compensation benefits equal to 5 percent of his weekly compensation rate, as established pursuant to the law in effect on the date of his injury, multiplied by the number of calendar years *208 since the date of injury_ These supplemental benefits shall be paid by the division out of the Workers’ Compensation Administration Trust Fund when the injury occurred subsequent to June 30, 1955, and before July 1, 1984. These supplemental benefits shall be paid by the employer when the injury occurred on or after July 1, 1984.
(Emphasis added). Section 440.49(2), Florida Statutes (1983), provides in pertinent part:
(2) LIMITATION OF LIABILITY FOR SUBSEQUENT INJURY THROUGH SPECIAL DISABILITY TRUST FUND.—
(a) Legislative intent. — It is the purpose of this subsection to encourage the employment of the physically handicapped by protecting employers from excess liability for compensation and medical expense when an injury to a handicapped worker merges with his preexisting permanent physical impairment to cause a greater disability, permanent impairment, or wage loss than would have resulted from the injury alone. The division shall inform all employers of the existence and function of the fund and shall interpret eligibility requirements liberally....
[[Image here]]
(c) Permanent impairment, wage loss, or permanent total disability after other physical impairment.—
[[Image here]]
3. Permanent total disability. — If an employee who has a preexisting permanent physical impairment incurs a subsequent permanent impairment from injury or occupational disease arising out of, and in the course of, his employment which merges with the preexisting permanent physical impairment to cause permanent total disability, the employer shall, in the first instance, pay all benefits provided by this chapter; but, subject to the limitations specified in paragraph (f), such employer shall be reimbursed from the Special Disability Trust Fund created by paragraph (h) for all compensation for permanent total disability which is in excess of the first 175 weeks of permanent total disability compensation. ...
The Fund argues that it has the authority to reimburse only in those situations specifically identified by the legislature. The Fund contends that supplemental permanent total disability benefits are separate and distinct benefits and there is no reference to supplemental permanent total disability benefits in section 440.49(2)(c). The Fund also contends that no corresponding change was made in the provisions of the reimbursement statute when section 440.15(l)(e)l was amended in 1984 to require the employer/carrier to pay supplemental permanent total disability benefits. The Fund cites Special Disability Trust Fund v. Motor and Compressor Company, 446 So.2d 224 (Fla.1st DCA 1984), for the proposition that merely because the legislature amends a provision to require the employer/carrier to provide a benefit does not mean that the provisions of section 440.49(2) should be construed to provide for reimbursement to the employer/carrier. The Fund’s arguments are not persuasive.
The Fund’s reliance upon Motor and Compressor Company is misplaced. In that case, the Fund argued that vocational rehabilitation benefits were not among those benefits for which reimbursement could be ordered under section 440.49(2). The portion of the statute at issue provided for reimbursable benefits specified as “remedial treatment, care, and attendance pursuant to s. 440.13.” Section 440.13 required the employer to furnish remedial treatment, care, and attendance under the direction and supervision of a qualified physician or surgeon. The decision recognized that “simply because the legislature amended section 440.49(1) to require the employer/carrier to provide such benefits does not mean that the reimbursement provisions of section 440.49(2)(e) should be construed to provide for reimbursement to the employer/carrier for payment of vocational benefits where the language of the latter section was not amended but continued to read ‘remedial treatment, care, and attend- *209 anee pursuant to s. 440.13/ ” In contrast to the present situation, the employer’s new burden of paying for vocational rehabilitation was clearly not included as one of the benefits for which the employer could be reimbursed.
Section 440.49(2)(c)3 provides that the employer of an employee who has a preexisting permanent physical impairment “shall be reimbursed from the Special Disability Trust Fund created by paragraph (h) for all compensation for permanent total disability” when the preexisting impairment merges with a subsequent permanent impairment. (Emphasis added). “Compensation” is defined as “the money allowance payable to an employee or to his dependents as provided for in this chapter.” Section 440.02(6), Florida Statutes (1983). As Judge of Compensation Claims Steven P. Cullen noted in his order, section 440.15
is divided into ten sections, the first of which is entitled, “PERMANENT TOTAL DISABILITY BENEFITS.” The provisions under this subsection outline the percentage of average weekly wages payable in the event of a finding of total disability, what constitutes total disability, the length of time payments may be made, the benefits payable should an employee regain an earning capacity and finally, that additional or supplemental benefits are to be paid from the Workers’ Compensation Administration Trust Fund if the injury occurred after June 30, 1955 and before July 1, 1984 and by the employer for injuries occurring subsequent to July 1, 1984_ [T]he placement of the additional supplemental provision under the section entitled “Compensation for Disability” and under the subsection entitled “PERMANENT TOTAL DISABILITY” demonstrates a clear and unambiguous legislative intent that additional or supplemental benefits are meant to be compensation for permanent total disability and as such, are reimbursable by the Fund pursuant to Section 440.49(2)(c)3.
Regardless of whether supplemental permanent total disability benefits are separate and distinct from “basic” permanent total disability benefits, such supplemental benefits clearly constitute compensation. Because section 440.49(2)(e)3 provides for reimbursement for all compensation for permanent total disability, the fact that this section does not specifically mention supplemental permanent total disability benefits is irrelevant.[1]
*210 Pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as one of great public importance:
Is the Special Disability Trust Fund, pursuant to section 440.49(2)(c), Florida Statutes, required to reimburse employers for supplemental permanent total disability benefits paid pursuant to section 440.-15(l)(e)l, Florida Statutes?
The orders appealed are affirmed.
BOOTH, SMITH and BARFIELD, JJ., concur.

. If the statutory provisions in effect on the relevant dates were not clear and unambiguous, appellant’s arguments regarding the historical development of the provisions at issue would appear to have some merit. Prior to July 1, 1984, supplemental permanent total disability benefits were paid out of the Workers’ Compensation Administration Trust Fund. Section 440.15(l)(e)l, Fla.Stat. (1983). The Administrative Trust Fund is funded by an assessment which is prorated among the insurance companies and self-insurers in the state. The division determines the expense of administration of chapter 440 for the preceding fiscal year, which is used as the basis for determining the amount to be assessed for the expenses of administration for the current fiscal year. Section 440.-51(1), Fla.Stat. (1983). There is no provision for reimbursement by the Special Disability Trust Fund of amounts paid by the Administrative Trust Fund.
Chapter 84-267, Laws of Florida, amended section 440.15(l)(e)l to provide that for injuries occurring subsequent to June 30, 1984, supplemental permanent total disability benefits shall be paid by the employer. Chapter 84-267 was titled, in part, an act "making employers responsible for supplemental permanent total benefits.” Section 440.49(2), Florida Statutes, the Special Disability Trust Fund reimbursement provision, was not amended. There was no provision for a portion of the funding previously placed into the Administrative Trust Fund to be shifted to the Special Disability Trust Fund. The Special Disability Trust Fund is also funded by annual prorated assessments upon insurance companies and self-insurers. Section 440.-49(2)(h)2 provides:
... The division shall estimate annually in advance the amount necessary for the administration of this subsection and the maintenance of this fund and shall make such assessment in the manner hereinafter provided. The annual assessment shall be calculated to produce during the ensuing fiscal year an amount which, when combined with that part of the balance in the fund on June 30 of the current fiscal year which is in excess of $100,-000, is equal to the sum of disbursements from the fund during the immediate past 3 calendar years.
Some available legislative history of the amendment indicates the legislature may have indeed intended a total shifting of the responsibility to employers. A staff analysis of the amendment prepared in the Senate notes that the amend *210 ment "will shift the cost of paying the five percent supplemental benefit payments for injuries occurring after July 1, 1984, from the Division of Workers’ Compensation to the employer/carrier of the injured worker. The cost of insurance to employers may rise to reflect this increased liability, but, since the Division Trust Fund is funded through assessments on insurers, the assessment should be lower to reflect the decreased liability on the Division’s behalf. The net fiscal impact should be zero — the bill simply shifts the cost of paying supplemental benefits back to the employer/carriers who have been paying them indirectly under existing law.” A staff analysis of the amendment prepared in the House of Representatives similarly recognizes that the amendment will not "increase costs to employers in the aggregate. Employers are presently paying the supplemental benefit indirectly through the regulatory assessment against insurers and self-insurers, with the cost of an insurer’s assessment being passed on to the employer in higher premiums. However, individual employers may be subject to either greater or lesser costs depending upon whether the employer has above or below the average number of employees who suffer permanent total disabilities_ The Division of Workers’ Compensation will be relieved of the cost of making supplemental benefit payments for injuries occurring after July 1, 1984.” The Senate staff analysis indicates that the amounts paid by the Administrative Trust Fund as supplemental permanent total disability benefits in the 1979-80 fiscal year totalled $2.2 million; this amount had increased to $5.8 million by the 1983-84 fiscal year.
Neither analysis mentions the Special Disability Trust Fund. We nóte, however, that the legislature may not have totally accomplished its objective in the 1984 amendment of section 440.-15(l)(e)l.