PER CURIAM.
The Special Disability Trust Fund (Fund) appeals from a final order, entered by Judge of Compensation Claims (JCC) Richard S. Thompson, ordering the Special Disability Trust Fund (Fund) to reimburse the employer/carrier (E/C) for 60 percent of the wage loss benefits paid prior to settlement and $31,949.00 excess compensation paid in a settlement. The E/C entered a $41,000.00 washout settlement with Isaac Brown, an employee with A-l Block Corporation, for claims arising out of accidents which occurred on July 10, 1989, October 1, 1989 and May 21, 1992. The parties stipulated to all issues except merger and the amount of reimbursement due on the settlement. We reverse because the unambiguous terms of the statute are not susceptible to the construction employed by the JCC.
The controlling statute pertaining to merger and reimbursement from the Fund for the period at issue is section 440.49(2)(c)3, Florida Statutes (1991). Section 440.49(2)(c)3 provides:
3.Permanent total disability. — If an employee who has a preexisting permanent physical impairment incurs a subsequent permanent impairment from injury or occupational disease arising out of, and in the course of his employment which merges with the preexisting permanent physical impairment to cause permanent total disability, the employer shall ... pay all benefits provided by this chapter; but, subject to the limitations specified in paragraph (f), such employer shall be reimbursed from the Special Disability Trust Fund ... for all compensation for permanent total disability which is in excess of the first 175 weeks of permanent total disability....
§ 440.49(2)(c)3, Fla.Stat. (1991).
The JCC found that the entire settlement amount, totaling $41,000.00, was attributable to the May 21, 1992 accident. He further found that E/C had proven an economic merger between Mr. Brown’s preexisting bilateral hearing loss and his left wrist injury resulting from the May 21, 1992 accident, which rendered the employee permanently, totally disabled. In calculating the excess compensation paid, the JCC recognized that section 440.49(2)(e)3, Florida Statutes (1991) requires the E/C to pay 175 weeks of permanent total disability benefits before payments are considered excess compensation eligible for reimbursement by the Fund. The JCC, however, stated:
I reject the Fund’s argument that if the settlement represents permanent total disability benefits, an amount representing 175 weeks at the compensation rate should be subtracted from the $41,000.00 before there is any reimbursement. Following this procedure would yield no reimbursement since the $41,000.00 settlement amount is less than the amount of PTD benefits which would be due for 175 weeks.
*970 The JCC relied on Spotmaster Cleaners v. Special Disability Trust Fund, 580 So.2d 268 (Fla. 1st DCA 1991) for guidance as to the amount that represents benefits in excess of the first 175 weeks. Based on Spotmaster Cleaners, the JCC used a ratio formula whereby he divided the total amount of settlement ($41,000.00) by the total present value of permanent total and supplemental benefits based on the employee’s life expectancy ($206,340.00) to find the percentage of total present value represented by the settlement (19%, or a discount of 81% of total due). He then multiplied 19% by the present value of 175 weeks of permanent total disability and supplemental benefits ($47,640.00) to find $9,051.00, the amount representing the first 175 weeks of benefits discounted at the same ratio as the amount of settlement is discounted from the total present value due. The JCC credited the $9,051.00 against the $41,-000.00 settlement and concluded that the Fund must reimburse the E/C for excess compensation paid in the amount of $31,-949.00.
The Fund contends that the JCC erred (1) in attributing the entire settlement amount to the May 21, 1992 accident, (2) in finding economic merger, and (3) in applying an unauthorized formula to calculate the amount of reimbursement. The JCC’s findings on the first two issues are supported by competent, substantial evidence, and we do not disturb the order as to those points. The order must be reversed, however, because of the JCC’s calculation of the amount of reimbursement due from the Fund to the E/C.
The language in section 440.49(2)(c)3, Florida Statutes (1991) is clear and unambiguous. It is not amenable to the type of construction given it by the JCC. The only formula for calculating excess compensation found in the statute provides for 100 percent of permanent total disability benefits in excess of the first 175 weeks of permanent total disability to be reimbursable. Where the language is plain and unambiguous as in the instant statute, there is no occasion for judicial interpretation. Perkins v. State, 682 So.2d 1083, 1084 (Fla.1996); Pardo v. State, 596 So.2d 665 (Fla.1992); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). The JCC had no authority to add words or create a new formula not placed there by the Legislature. See Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209, 215 (Fla.l974)(court may not invoke a limitation or add words to statutes); Special Disability Trust Fund v. Motor and Compressor Co., 446 So.2d 224, 226 (Fla. 1st DCA 1984)(“Usually, the courts in construing a statute may not insert words or phrases in the statute or supply an omission....”).
The JCC mistakenly relied on Spotmaster Cleaners to use a ratio formula to determine the amount of excess compensation paid. In Spotmaster Cleaners, the parties stipulated to the portion of the settlement representing the first 175 weeks of permanent total disability and used the statutory formula. The ratio used in Spotmaster determined how much of a totally controverted settlement was to be allocated to medical benefits and how much was to be allocated to compensation before the Fund formulas applied. The case did not involve the use of ratios in the statutory formulas.
The JCC applied an unauthorized ratio formula to award reimbursement where none was due. The settlement amount paid by the E/C was less than the present value of 175 weeks of permanent total disability compensation. No excess compensation was paid, and no reimbursement was due. See General Tire Service v. Special Disability Trust Fund, 569 So.2d 481 (Fla. 1st DCA 1990)(no reimbursement for PTD benefits where employee died for unrelated reasons before he was paid more than 175 weeks of PTD).
The portion of the order allowing reimbursement from the Fund for the settlement amount paid permanent total disability is REVERSED.
BARFIELD, C.J., and KAHN and BENTON, JJ., concur.