728 So.2d 1186 (1999)
ORANGE COUNTY SCHOOL BOARD and United Self Insured Services, Appellants,
v.
Shirley BEST, Appellee.
No. 98-2607.
District Court of Appeal of Florida, First District.
March 3, 1999.
Kevin S. Murphy and Thomas A. Moore of Moore & Peterson, P.A., Orlando, for Appellants.
Irvin A. Meyers of Meyers, Mooney, Meyers, Orlando, for Appellee.
BENTON, J.
This case requires us to construe the workers' compensation statute of limitations as it has existed since January 1, 1994. The question is whether the statute bars a petition for benefits filed within two years of an industrial accident where more than a year has elapsed since "the furnishing of remedial treatment." § 440.19(2), Fla. Stat. (1995). In the order under review, the judge of compensation claims concluded that such a petition was timely. We affirm.
Orange County School Board (Board), Shirley Best's employer, and United Self Insured Services (United), the Board's servicing agent, appeal a non-final order certifying that "the determination of the exact nature and amount of benefits due [Ms. Best] will require substantial expense and time." Under Florida Rule of Appellate Procedure 9.180(b)(1)(C), we have jurisdiction.
On March 5, 1996, Ms. Best suffered an industrial accident on account of which the Board and United provided remedial medical treatment. The treatment ended July 1, *1187 1996. Ms. Best did not again request any workers' compensation benefits until September 5, 1997, more than a year later. When she did, one of United's claims representatives informed her that the statute of limitations had run and refused her request.
The petition for benefits with which the present proceedings began was then filed. Complying with section 440.19(4), Florida Statutes (1995), the Board and United raised the statute in their notice of denial.[1] They contend that section 440.19(2), Florida Statutes (1995), limited the period in which Ms. Best could file a petition for benefits to the year following the date on which she last received remedial treatment.
The controversy turns on construction of the first two subsections of section 440.19, Florida Statutes (1995), which provide:
(1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee's estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
(2) Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.
We conclude Ms. Best's petition for benefits was timely under subsection (1) and that nothing in subsection (2) provides otherwise.
We read section 440.19(1), Florida Statutes (1995), as the statute of limitations generally applicable in workers' compensation cases, subject to the exceptionswhich extend the limitations period in certain circumstances set out in the other subsections of section 440.19. As has been explained:
Although the courts as a general rule no longer read into statutes of limitation exceptions which are not embodied therein, the limitation laws themselves usually contain exceptions either generally or specially set forth. The most typical of such exceptions are those which postpone the running against persons under disability to sue, such as infants or incompetents, or extend the time when such persons may bring suit after removal of the disability, or which stop the running of the statute as to causes of action against persons who are absent from or are nonresidents of the state, during the time of the absence.
51 Am.Jur.2d Limitation of Action § 142 (1970) (footnotes omitted). Subsections that follow subsection (2)[2] can have no effect other than to extend the two-year statute of limitations set out in section 440.19(1), Florida *1188 Statutes (1995). Subsection (2) should be construed in pari materia with these provisions.
Section 440.19(2) states: "Payment of any indemnity benefit or the furnishing of remedial treatment ... shall toll the limitations period set forth above for 1 year from the date of such payment." (Emphasis added.) Black's Law Dictionary (6th ed.) defines "toll" to mean "[t]o suspend or stop temporarily as the statute of limitations is tolled during the defendant's absence from the jurisdiction and during the plaintiffs minority." To interpret section 440.19(2) as reducing rather than expanding the limitations period ignores the meaning of the word "toll." See Daniel v. Holmes Lumber Co., 490 So.2d 1252, 1256 (Fla.1986) ("When the language of a statute is clear, courts may not look beyond the plain meaning of that language."); Special Disability Trust Fund v. A-1 Block Corp., 688 So.2d 968, 970 (Fla. 1st DCA 1997) ("Where the language is plain and unambiguous... there is no occasion for judicial interpretation.").
Section 440.19(2) has no practical effect until after the two-year period provided for in section 440.19(1) expires. As long as the petition is timely under either section 440.19(1) or section 440.19(2), the statute of limitations is no bar. Provision of medical treatment or indemnity benefits can extend the limitations period but cannot shorten it. A petition is timely if filed within two years of the date of accident or, even thereafter, if filed within one year of the last date the petitioner received medical treatment or indemnity benefits.
Affirmed.
VAN NORTWICK and PADOVANO, JJ., CONCUR.
NOTES
[1] In part, subsection (4) requires that a statute of limitations defense be raised in the initial response to a petition for benefits:

(4) Notwithstanding the provisions of this section, the failure to file a petition for benefits within the periods prescribed is not a bar to the employee's claim unless the carrier advances the defense of a statute of limitations in its initial response to the petition for benefits.
§ 440.19, Fla. Stat. (1995).
[2] Subsections (5) and (6) provide:

(5) If a person who is entitled to compensation under this chapter is mentally incompetent or a minor, the limitations period is tolled while that person has no guardian or other authorized representative, but the period shall begin to run from the date of appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed before the minor becomes of age, from the date the minor becomes of age.
(6) When recovery is denied to any person in a suit brought at law or in admiralty to recover damages for injury or death on the ground that such person was an employee, that the defendant was an employer within the meaning of this chapter, and that such employer had secured compensation of such employee under this chapter, the limitations period set forth in this section shall begin to run from the date of termination of such suit; however, in such an event, the employer is allowed a credit of his or her actual cost of defending such suit in an amount not to exceed $250, which amount must be deducted from any compensation allowed or awarded to the employee under this chapter.
§ 440.19, Fla. Stat. (1995).