LAWRENCE, J.
We have for review a non-final order certifying that “the determination of the *1181 exact nature and amount of benefits due [appellee] will require substantial expense and time.” We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.180(b)(1)(C). The judge of compensation claims (JCC) determined that the claim of appellee George Philip (claimant) was not barred by the statute of limitations under section 440.19, Florida Statutes (1994). We reverse.
Claimant was involved in a compensable accident while working for Wal-Mart Stores, Incorporated (employer) on February 17, 1995. The employer/carrier (E/C) last furnished remedial treatment on April 17,1995.[1] Claimant filed petitions for benefits on March 24, 1997, and August 18, 1997. The E/C denied benefits and asserted that the claims were barred by the applicable statute of limitations, which in pertinent part provides as follows:
(1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee’s estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
(2) Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.
§ 440.19(1),(2)(emphasis added).
The E/C argues that the claim is barred because the petition for benefits was filed more than one year after the last date remedial treatment was furnished, and more than two years after the date of injury. The claimant argues that when payment for indemnity benefits is made or remedial treatment is furnished, one year should be added to the time which has not yet expired under the two-year limitation period. Because both petitions were filed within this period, claimant contends that the filing was timely.
The claimant and E/C both cite as authority for their respective positions our decision in Orange County School Board v. Best, 728 So.2d 1186 (Fla. 1st DCA 1999). This decision construed section 440.19, but the E/C in Best was urging the court to shorten the basic two-year limitation period. The claimant in Best filed a petition for benefits within two years of the date of injury but more than one year after the “furnishing of remedial treatment.” The Best court, declining to reduce the basic two-year limitation period under subsection (1), said:
Section 440.19(2) has no practical effect until after the two-year period provided for in section 440.19(1) expires. As long as the petition is timely under either section 440.19(1) or section 440.19(2), the statute of limitations is no bar. Provision of medical treatment or indemnity benefits can extend the limitations period but cannot shorten it. A petition is timely if filed within two years of the date of accident or, even thereafter, if filed within one year of the last date the petitioner received medical treatment or indemnity benefits.
Id. at 1188.
While the Best decision is not dispositive of the instant case, our construction of section 440.19(2) nevertheless depends upon an interpretation of the term “toll” for which no definition is contained in Chapter 440. The net effect of the claimant’s argument is that the two-year provision of subsection (1) and the one year provision of subsection (2) should be corn- *1182 bined for a total limitations period of three years from the date of injury in every case in which indemnity benefits have been paid or remedial treatment, care, or attendance has been furnished within the first two years after the date of injury. We do not believe this construction was intended by the legislature. To the contrary, the tolling provision serves as a reasonable means of preserving a claimant’s right to petition for benefits within one year after payment for indemnity benefits or the furnishing of remedial treatment, care, or attendance is made by an E/C. The one-year tolling provision in no way reduces the basic two-year limitation period, the issue specifically addressed by the Best court. In addition, it has the effect of extending the limitations period. Thus, in all cases, a claimant will have a minimum of two years from the date of injury within which time to file a petition for benefits. In other instances, the period of time will be longer. We believe this construction of the statute to be the more reasonable one. We thus hold that a claimant is barred from filing a petition for benefits unless the claim is filed during the longer of the following two periods of time: (1) within two years from the date of injury; or (2) within one year from the payment of indemnity benefits or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits.
Because claimant did not file his petition for benefits either within two years of the date of injury or within one year after the furnishing of remedial treatment, his claim is barred. We accordingly reverse the order of the JCC and remand for consistent proceedings.
REVERSED.
ALLEN and DAVIS, JJ., CONCUR.

. Payment for the remedial treatment was made by the E/C on June 16, 1995.