908 So.2d 1105 (2005)
Jill COLE, Appellant,
v.
FAIRFIELD COMMUNITIES and RSKCO, Appellees.
No. 1D04-1434.
District Court of Appeal of Florida, First District.
July 20, 2005.
Jon E. Benezette, Daytona Beach and Bill McCabe, Longwood, for Appellant.
*1106 Lamar D. Oxford and Alan D. Kalinoski of Dean, Ringers, Morgan & Lawton, Orlando, for Appellees.
PER CURIAM.
The appellant, Jill Cole, appeals from the denial of her workers' compensation claim for a neck injury. We conclude that the judge of compensation claims properly ruled that the injury was not compensable. Although the carrier made one payment to the claimant, the evidence showed that the payment was made in error, so the judge correctly concluded that the employer did not waive the right to deny the compensability of the injury.
The facts of the case are essentially undisputed. The claimant was employed by the appellee, Fairfield Communities, when she suffered a work-related accident on June 30, 2002, by falling off of a chair at work. This accident resulted in injuries to various parts of her body, including her knees and her right ankle and shoulder. The employer/carrier accepted these injuries as compensable and provided treatment.
Both before and after this industrial accident, the claimant treated with a chiropractor for a preexisting neck injury, which she had sustained some six years earlier in a non-work-related automobile accident. After the on-the-job accident in June of 2002, her chiropractor concluded that the work-related accident had exacerbated the preexisting neck injury. Therefore, the chiropractor began sending bills to the employer for treatment. She sent the first bill on February 6, 2003, the same date on which the claimant filed a petition for benefits seeking compensability of the neck injury.
The employer did not respond to this petition for benefits until October 13, 2003, when it filed a Notice of Denial. In the interim, it made a single payment to the chiropractor in April of 2003, for treatment rendered on March 4, 2003. No further payments were made to the chiropractor.
At the hearing on the petition, the claimant argued that, under section 440.20(4), Florida Statutes, the employer had waived its right to deny the compensability of her neck injury by failing to file a notice of denial within 120 days of the filing of her February 6, 2003, petition for benefits or of the payment of the chiropractor's bill in April of 2003. The statute provides that a carrier that is uncertain of its obligation to furnish benefits may initiate payment without admitting liability, but that such a carrier must undertake a good faith investigation and either admit or deny compensability within 120 days after the initial provision of benefits. It further specifies that a carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation waives the right to deny compensability. In the present case, it was undisputed that the employer filed its notice of denial as to the neck injuries more than 120 days after the claimant filed her petition for benefits for the neck injuries.
The judge rejected the claimant's estoppel argument, finding that the evidence showed that the employer had never actually invoked the pay-and-investigate provisions of the statute. Although the employer acknowledged that it paid one of the chiropractor's bills, the judge took note of the employer's evidence that the chiropractor was never actually authorized. There was insufficient evidence, the judge concluded, that the employer was conducting an investigation of the neck claim or intended to do anything other than deny compensability of the request for chiropractic care and neck injury. The judge found that the evidence was uncontradicted that the employer simply paid the single *1107 bill by mistake. Therefore, the judge rejected the estoppel argument, as well as the compensability of the neck injury. On appeal, the claimant argues that there was not competent substantial evidence to support the judge's ruling.
In making its ruling, the judge relied on this Court's decision in Bussey v. Wal-Mart, 867 So.2d 542 (Fla. 1st DCA 2004). In Bussey, we ruled that an employer that failed to respond to a petition for benefits within 120 days did not waive its right to contest entitlement to benefits under the statute, where it was clear from the evidence that the employer was never uncertain of its obligation to provide benefits or compensation, did not need to investigate the claim, and thus did not pursue the pay-and-investigate option. We explained that the 120-day period is triggered only when an employer has elected to pursue the pay-and-investigate provision of the statute, so the employer's lack of response to Bussey's petition for benefits operated as a denial of her right to benefits.
The difference between Bussey and the present case is that, here, the employer made a single payment to the chiropractor after the petition for benefits was filed, whereas the employer in Bussey never made any payments. However, the judge correctly found the evidence to be uncontroverted in the instant case that the employer never intended to pay any benefits for the neck injury. It was clear from the testimony of the carrier's adjuster that the carrier never considered the neck injury compensable and that the payment of the sole chiropractic bill was a mistake on the part of the carrier. Apart from the inadvertent payment of one of the chiropractor's bills early on, the employer did not respond to the petition for benefits requesting treatment for her neck. The adjuster specifically testified that he never considered the neck injuries compensable, that someone else in his office erroneously sent the lone payment to the chiropractor, and that he himself had called the chiropractor's office and informed them that the chiropractor was not authorized to treat the claimant.
The chiropractor's own records reflected that it was the claimant, not the employer, who told the chiropractor that she was authorized to provide treatment. Moreover, the adjuster testified that he specifically informed the chiropractor that she was not authorized to treat the claimant in connection with the work-related injury. And the judge considered the parties' joint stipulation of this chiropractor as the independent medical examiner to be additional evidence that she was never an authorized provider.
Finally, the judge pointed to the joint stipulation of the parties, in which the claimant selected the chiropractor as her IME. The judge considered this designation as demonstrating that the chiropractor was the claimant's IME physician and not an authorized physician.
As applied to the facts of this case, competent substantial evidence supports the judge's order finding that the employer was not estopped from denying the claim, because the sole payment was mistakenly made. We therefore affirm.
AFFIRMED.
ERVIN, PADOVANO and THOMAS, JJ., concur.