PER CURIAM.
The Judge of Compensation Claims correctly found that the employer/carrier was entitled to the benefit of the workers’ compensation statute of limitations. Although the employer/carrier made certain medical and indemnity payments after the expiration of the statute, the evidence is uncon-troverted that these payments were made mistakenly. Cf. Cole v. Fairfield Cmtys., 908 So.2d 1105 (Fla. 1st DCA 2005) (finding that employer/carrier did not waive its right to deny compensability pursuant to section 440.20(4), Florida Statutes, even though employer/carrier mistakenly tendered a payment to the medical provider). Although appellant Williams was blameless in his employer’s mistaken payments, he is nevertheless not entitled to invoke the doctrine of estoppel in order to avoid the statute of limitations because he cannot show that he has detrimentally changed his position as a result of the employer/carrier’s mistake. See Adamides v. City of Miami, 885 So.2d 955, 957 n. 4 (Fla. 1st DCA 2004); see also Mandarin Paint & Flooring, Inc. v. Potura Coatings of Jacksonville, Inc., 744 So.2d 482, 485 (Fla. 1st DCA 1999)(holding that detrimental reliance is necessary for estoppel).
AFFIRMED.
KAHN, C.J., BARFIELD and DAVIS, JJ., concur.