VAN NORTWICK, J.
In this workers’ compensation appeal, Cherie Solsaa seeks reversal of an order of the Judge of Compensation Claims (JCC) which denied her claim for death benefits following the death of her husband, a truck driver and delivery man employed by Wer-ner Enterprises, Inc., appellee. Because *682 the employer began paying death benefits and did not deny compensability within 120 days of the initial provision of benefits, under section 440.20(4), Florida Statutes (2002), the employer has waived the right to deny compensability. Accordingly, we reverse.
On August 21, 2003, while unloading a truck, David Solsaa suffered a heart attack and subsequently died in Bunnell, Florida. The self-insured employer, headquartered in Nebraska, commenced payment of death benefits on October 21, 2002 and paid such benefits through August 4, 2003. The employer ceased benefits based upon a medical doctor’s report which found that Sol-saa’s heart attack was not caused by his employment. The employee’s widow, Cherie Solsaa, petitioned for resumption of death benefits arguing that the employer was estopped to deny such benefits pursuant to section 440.20(4), Florida Statutes (2002). The claim proceeded to a hearing before the JCC who denied the petition. The JCC found that the death benefits paid by the employer were paid under Nebraska law, not Florida law. As a result, the JCC concluded that the “pay and investigate” provisions of section 440.20(4) had not been invoked and that the employer was therefore not estopped from denying compensability.
Section 440.20(4), provides:
If the carrier is uncertain of its obligation to provide benefits or compensation, it may initiate payment without prejudice and without admitting liability. The carrier shall immediately and in good faith commence investigation of the employee’s entitlement to benefits under this chapter and shall admit or deny compensability within 120 days after the initial provision of compensation or benefits .... Upon commencement of payment, ... the carrier shall provide written notice to the employee that it has elected to pay all or part of the claim pending further investigation, and that it will advise the employee of claim acceptance or denial within 120 days. A carrier that fails to deny compensability within 120 days after the initial provision of benefits or payment of compensation ... waives the right to deny compensa-bility, unless the carrier can establish material facts relevant to the issue of compensability that it could not have discovered through reasonable investigation within the 120-day period.
The statute is clear and unambiguous. The purpose of the 120-day limit is to ensure that an employer/carrier complies with the mandate of section 440.20(4) to “immediately and in good faith commence investigation of the employee’s entitlement to benefits.” Bussey v. Wal-Mart Store # 725, 867 So.2d 542, 545 (Fla. 1st DCA 2004). The statute works to fulfill the legislative goal of speedy resolution of claims and protects a claimant from prolonged periods of uncertainty regarding the employer/carrier’s position on the claim’s compensability. Id.
Here, the employer mistakenly believed Nebraska law applied and began paying benefits and investigating pursuant to that state’s workers’ compensation statute. The employer argues that section 440.20(4) does not apply since the benefits were not paid under Florida law. We cannot agree. It is without dispute that David Solsaa’s heart attack and death occurred in Florida. Given those facts, as a matter of law this claim is governed by Florida law and Florida has jurisdiction over the workers’ compensation claim. See Philyaw v. Arthur H. Fulton, Inc., 569 So.2d 787, 793 (Fla. 1st DCA 1990)(holding that, when an employee is injured in an accident in Florida while in the course of his employment with an out-of-state employer, the fact of the occurrence of the *683 injury in Florida gives rise to coverage and jurisdiction under the Florida Workers’ Compensation Act). The employer’s erroneous assumption or conclusion as to the applicable law does not create either a factual issue concerning the applicable law or a defense or exception to the 120-day “pay and investigate” requirement in section 440.20(4). Because the employer did not deny compensability of the heart attack within 120 days of the initial provision of benefits, the employer waived the right to deny compensability. See Public Storage v. Galano, 894 So.2d 287 (Fla. 1st DCA 2005); Hutchinson v. Lykes Smithfield Packing, 870 So.2d 144 (Fla. 1st DCA 2004).
The case before us is distinguishable from Cole v. Fairfield Communities, 908 So.2d 1105 (Fla. 1st DCA 2005) and Bussey v. Wal-Mart, 867 So.2d 542 (Fla. 1st DCA 2004). In both Cole and Bussey, the JCC determined, and competent substantial evidence showed, that the employer in each case was not uncertain of its obligation to provide benefits, never invoked the pay-and-investigate provisions of section 440.20(4), and intended to deny com-pensability. Cole, 908 So.2d at 1106-07, Bussey, 867 So.2d at 545.[1] In both cases, we concluded that, because the employer did not invoke the pay-and-investigate procedure and never intended to take any action other than deny compensability, the failure to respond to the petition operated as a denial and the 120-day provisions of section 440.20(4) did not apply. Id.
In the case on appeal, however, it is uneontested that the employer intended to pay benefits and did pay benefits for over nine months while it investigated the claim. Thus, unlike Cole and Bussey, this is not a case where the employer intended to deny compensability all along and did not provide a notice of the denial to claimant. Believing that Nebraska law applied, the employer here paid the claimant benefits while it investigated the claim, but failed to admit or deny compensability within the 120-day period provided by section 440.20(4). The employer seeks relief from the clear provisions of the statute based upon its mistaken assumption as to the applicable law. To grant such relief would require us to ignore the express language of the statute and would.be contrary to the legislative goal of facilitating speedy resolution of claims.
Accordingly, the order of the JCC is reversed, and the cause is remanded for determination of the benefit owing the claimant under Florida law.
REVERSED and REMANDED for further proceedings.
KAHN, C.J., concurs with written opinion and HAWKES, J., dissents with written opinion.

. In addition, in Cole, the employer had inadvertently paid one of the claimant’s chiropractor’s bills even though the chiropractor was not authorized to treat the claimant. Cole, 908 So.2d at 1107. This single payment made in mistake did not mandate a result different than Bussey. Id.