HAWKES, J.,
dissenting.
I am compelled to dissent. Claimant’s argument for benefits depends on a hope and a dream that a bizarre “I gotcha” claim can work. She argues that the E/C’s mistaken payment of Nebraska benefits can somehow trigger a provision of Florida law that would forever bar any adjudication of a Florida claim based on its merits. Her argument concludes that, as a consequence, the E/C and the system must now be burdened paying her Florida compensation to which she was never entitled.[2] Apparently, dreams can sometimes come true.
Two uncontested points should have shattered the dream. The first is a finding of fact. The JCC found Claimant never received any compensation pursuant to chapter 440, Florida’s workers’ compensation statute. The second is a question of law. Under Florida law, unless benefits or compensation is paid pursuant to chapter 440, the pay and investigate provisions of section 440.20(4), Florida Statutes, can never be triggered.
This issue before us is a simple question of fact: Did the carrier ever pay compensation[3] under section 440.20(2) or section 440.192(8), Florida Statutes (2002), so as to trigger the pay and investigate provisions of section 440.20(4), Florida Statutes (2002)? Florida law is clear. If it did, compensation is due. If it did not, compensation is not due. Paying compensation pursuant to one of these sections as required, is the only way the pay and investigate provisions of section 440.20(4), Florida Statutes, can be triggered. Payment under any other circumstance or for any other reason, even a mistake, cannot trigger section 440.20(4), Florida Statutes. See Cole v. Fairfield Cmtys. & RSKCO, 908 So.2d 1105 (Fla. 1st DCA 2005) (holding E/C’s mistake in making a chiropractor payment under chapter 440, does not trigger the waiver provisions section 440.20(4), Florida Statutes).[4]
*685 As the majority notes, the statute is clear and unambiguous. Section 440.20(4), Florida Statutes, in relevant part, provides: “A carrier that fails to deny com-pensability within 120 days after the initial provision of benefits or payment of compensation as required, under subsection (2) or s. 440.192(8) waives the right to deny compensability, ...” Id. (Emphasis added). However, for waiver to apply, compensation must have been paid as required pursuant to chapter 440.[5] See § 440.02(7), Fla. Stat. (2002). That did not happen here.
Here, the JCC found the payments were not made pursuant to chapter 440, but were instead made pursuant to Nebraska law. The majority concedes the payments were made pursuant to Nebraska law. {See Majority op. pg. 682). The JCC’s findings are supported by competent, substantial evidence.[6] Since the finding is supported by competent, substantial evidence, this court is not free to substitute its judgment for the JCC.[7] See La. Pac. Corp. v. Harcus, 774 So.2d 751 (Fla. 1st DCA 2000). No compensation paid pursuant to Florida law means no waiver can apply.
Despite agreeing with the JCC that payments were made pursuant to Nebraska law, the majority boldly ignores this fact and constructs a convoluted alternative route to section 440.20(4). The majority reasons: (1) Any right that Claimant might have to receive workers’ compensation depended on Florida law; (2) The E/C mistakenly determined Nebraska law governed Claimant’s entitlement to workers’ compensation; (3) Because Florida law would govern a valid workers’ compensation claim, any mistake made by the E/C must be assumed to be a mistake made under Florida law; (4) Therefore, the E/C’s mistake in determining Nebraska law would govern a workers’ compensation claim is judicially transformed into the E/C mistakenly paying compensation pursuant to Florida law; (5) Once the Nebraska' benefits are judicially transformed into compensation paid pursuant to Florida law, then the pay and investigate provisions are triggered; (6) Since the E/C paid Nebraska benefits for more than 120 days, the E/C is now forever denied a merits determination on the subsequent Florida claim.
Despite the majority’s herculean efforts, we are not free to rewrite chapter 440. *686 The majority’s conclusion ignores the clear statutory language which provides a very limited means to trigger the pay and investigate provisions of section 440.20(4), Florida Statutes. This conclusion also ignores the fact that Florida’s workers’ compensation law is devoid of equitable powers. See Globe Sec. v. Pringle, 559 So.2d 720, 722 (Fla. 1st DCA 1990) (noting workers’ compensation is a creature of statute and must be governed by what the statute provides, “not by what we may feel the law should be”).
It is our obligation to apply the plain language of the statute. Here, Claimant was not prejudiced by the fact that she received Nebraska checks for several months before being informed she would no longer receive those checks. If Claimant, or anyone similarly situated, is entitled to Florida compensation, a petition for benefits would be granted. However, under the majority’s logic, any payment, whether gratuitous, mistaken, made pursuant to the law of another state, or for any other reason, may, if this court so chooses, start the 120 day countdown to waiver of an E/C’s ability to ever adjudicate the merits of a Florida workers’ compensation claim.
For these reasons, I cannot join the majority in their judicial rewrite of chapter 440, and them avoidance of the well-established principle that, for factual questions, a JCC’s findings must be affirmed if supported by competent, substantial evidence. I would affirm the JCC’s factual determination and deny Claimant’s petition for benefits.

. The concurring opinion indicates benefits due were controlled by Florida law. However, on the merits, Claimant was not due benefits under either Florida or Nebraska law.

. See § 440.02(7), Fla. Stat. (2002) (defining compensation as "the money allowance payable to an employee or to his or her dependents as provided for in this chapter.") (emphasis added).

.The majority opinion conflicts with Cole, 908 So.2d 1105. Florida law provides that the pay and investigate provisions must be intentionally invoked by the E/C. See § 440.20(4), Fla. Stat. (providing "the carrier shall provide written notice to the employee that it has elected to pay the claim pending further investigation ..."); see also Bussey v. Wal-Mart Store # 725, 867 So.2d 542 (Fla. 1st *685 DCA 2004) (holding a failure to take action in response to a petition for benefits does not trigger the pay and investigate provisions).

. Judge Kahn correctly asserts the waiver provisions of section 440.20(4), have been extant in Florida for over eleven years. Consequently, it is difficult to conceive how he now overlooks the express statutory requirement that payment must be made pursuant to section 440.20(2) or section 440.192(8), for waiver to apply. These two sections have always provided the only means to trigger the waiver provisions, and we are not at liberty to add alternative means to impose waiver.

. In addition to testimony that no compensation was paid pursuant to Florida law, the record shows the amount of death benefits paid conformed with that payable under Nebraska, not Florida law, and that the carrier did not provide notice to Claimant, the employer or the department, as required by chapter 440, that they were paying compensation. See § 440.20(3), Fla. Stat. (2002).

.■ This court is not asked to resolve the legal question of which state’s workers’ compensation law, Florida's or Nebraska’s, applies. If this question was relevant, 1 would agree with the majority that if Claimant was entitled to benefits, Florida law would govern. However, the question before this court is whether compensation was ever paid pursuant to Florida law. Contrary to the concurring opinion, this is clearly a factual' question to be answered by the JCC, which this court has "no alternative but to honor” if supported by competent, substantial evidence.