PER CURIAM.
 

 Claimant appeals from a final compensation order finding his claims barred by the statute of limitations. Because the Judge of Compensation Claims (JCC) erroneously concluded the statute of limitations expired less than two years after the date of accident, and because this conclusion led her to apply precedent that is not controlling, we reverse and remand this case for further proceedings.
 

 Claimant was injured in a compensable accident on December 10, 2007. On November 12, 2009, the E/C furnished Claimant medication prescribed by the doctor whom the E/C had initially authorized to treat Claimant’s injury. Concluding the statute of limitations had already expired when the E/C furnished the prescription medication in November 2009, the JCC found this court’s decision in
 
 Williams v. Department of Corrections,
 
 911 So.2d 890 (Fla. 1st DCA 2005), required Claimant to prove the E/C had intentionally provided benefits after the statute of limitations had expired, and to prove Claimant relied to his detriment on the intentional provision of benefits, in order to extend the statute of limitations. The JCC, by finding the medication furnished by the E/C in November 2009, and other prescription medications furnished by the E/C thereafter, was furnished inadvertently, and that Claimant had failed to prove detrimental reliance, then concluded the petition for benefits filed on February 8, 2010, was barred by the statute of limitations.
 

 Section 440.19, Florida Statutes (2007), provides in pertinent part:
 

 (1) Except to the extent provided elsewhere in this section, all employee petitions for benefits under this chapter shall be barred unless the employee, or the employee’s estate if the employee is deceased, has advised the employer of the injury or death pursuant to s. 440.185(1) and the petition is filed within 2 years after the date on which the employee knew or should have known that the injury or death arose out of work performed in the course and scope of employment.
 

 (2) Payment of any indemnity benefit or the furnishing of remedial treatment, care, or attendance pursuant to either a notice of injury or a petition for benefits shall toll the limitations period set forth above for 1 year from the date of such payment. This tolling period does not apply to the issues of compensability, date of maximum medical improvement, or permanent impairment.
 

 Section 440.19(1) thus provides that a petition for benefits is timely if filed within two years after the employee knew or should have known the injury or death arose out of work performed in the course and scope of employment. Accordingly, because Claimant was injured on December 10, 2007, under no circumstance could the statute of limitations have run before December 11, 2009.
 
 See Orange County Sch. Bd. v. Best,
 
 728 So.2d 1186, 1188 (Fla, 1st DCA 1999) (explaining section 440.19(2) extends rather than shortens limitation period described in section 440.19(1), and if petition for benefits is timely under section 440.19(1) or section 440.19(2) there is no bar to compensation). Here, unlike
 
 Williams,
 
 the E/C furnished a medical benefit (prescription medication)
 
 *408
 
 on November 12, 2009, within two years of the industrial accident. Consequently, also unlike
 
 Williams,
 
 Claimant did not seek to estop the E/C from asserting the statute of limitations. Instead, Claimant correctly contended the statute of limitations never expired because the E/C continued to provide medical benefits.
 

 When an E/C furnishes an indemnity or medical benefit before the statute of limitations expires, the limitations period is extended for one year by operation of law pursuant to section 440.19(2).
 
 See Claims Mgmt., Inc. v. Philip,
 
 746 So.2d 1180, 1182 (Fla. 1st DCA 1999) (holding claimant barred from filing petition for benefits unless claim is filed during the longer of the following two periods of time: (1) within two years from date of injury; or (2) within one year from payment of indemnity benefits or furnishing of remedial treatment, care, or attendance pursuant to either notice of injury or petition for benefits). A claimant who files a proper petition for benefits within this one-year period has no need to assert waiver or es-toppel against an E/C, or prove detrimental reliance upon an E/C’s mistake or inadvertence, to avoid dismissal based on the statute of limitations. Here, the E/C’s furnishing of a medical benefit extended the limitations period for one year from November 12, 2009. Consequently, the petition for benefits filed on February 8, 2010, was timely and the JCC erred in concluding it was barred by the statute of limitations. Accordingly, we reverse, and remand for further proceedings consistent with this opinion.
 

 . REVERSED and REMANDED, with directions.
 

 BENTON, C.J., WEBSTER, and VAN NORTWICK, JJ., concur.